## No. 603
## LEAGICH v. MELNICZYN et
### No. 19176. Supreme Court

On motion to certify. Dock. May 29, 1925; 3 Abs. 359.

367. DEED—Should it be vacated and declared of no affect where name of owner of one-half interest has been forged, because of consideration for property having been paid by alleged forger?

Louis Leagich at the time of purchasing a half interest in the property in controversy, for $1500, was in the army. While home, on a furlough, he bought the said half interest of one Janicki, who had originally purchased his share with Andi and Rose Melnczyn. Said property is situated in Lorain. After the transaction was closed, Leagich returned to his camp. This was on Dec. 27, 1918.

Afterwards, on or about May 5, 1920, in the Lorain Common Pleas, it was alleged by Leagich that Meliczyn, with the approval of his wife and in the absence of Leagich from Lorain, went to Elyria before an attorney and represented himself as Leagich, had a deed drawn conveying the Leagich interest to himself; signed the name "Louis Leagich" to the deed; took it to the Auditor for tranfer and to the Recorder for record representing himself in both places as Louis Leagich. The deed was recorded and thereafter was returned to Melniczyn.

It was further alleged that Melniczyn executed a mortgage on the property for $2000 and another for $1800; and it was prayed that the deed and the mortgage be cancelled and that the premises be restored to Leagich, and for other equitable relief. The Common Pleas rendered judgment in favor of Leagich, vacating the mortgages in so far as they appeared a lien on Leagich's interest; adjudging him to be the owner of the undivided half interest, and vacating and holding void and of no affect the forged deed.

Error was prosecuted and it was claimed by Melniczyn that it was his money, and not Leagich's that was paid to Janicki for the half interest in the property. The Court of Appeals in reversing the judgment of the lower court, held:

"The greater weight of the evidence is in favor of the claim that the Melniczyns rather than Leagich furnished the $1500 that was paid to Janicki for the half interest; and therefore the deed to Leagich should be declared to be

## OHIO SUPREME COURT—Continued

a constructive trust and Louis Leagich holds the legal title as trustee in trust for the use and benefit of the Melniczyns."

From this decision, the case is taken to the Supreme Court on a motion to certify, where it is contended the court erred in the following respects:

1. In failure to entertain the legal and equitable rights of Leagich who in good faith purchased the premises and paid value therefor.

2. In granting equitable relief to Melniczyn, who had been guilty of fraudulent and criminal conduct in regard to the subject matter of the suit, the granting of which relief prejudicially affects rights of Leagich.

3. In granting equitable relief to Melniczyns who by their own admission have been guilty of fraudulent and criminal conduct with reference to the subject to the action and .do not come into court with clean hands.

4. In rejecting and refusing to consider material testimony, and evidence offered by Leagich in support of his cause.

Attorneys—Frank Coleman for Leagich; Glitsch & Stack for Melniczyn; all of Lorain.